```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

SHERI L. BROWN,               )    CIVIL NO. 13-00557 SOM/KSC
                              )
          Plaintiff,          )    ORDER DISMISSING COMPLAINT;
                              )    ORDER DENYING AS MOOT
     vs.                      )    APPLICATION TO PROCEED IN
                              )    FORMA PAUPERIS
CAROLYN COLVIN,               )
Acting Commissioner of        )
Social Security,              )
                              )
          Defendant.          )
_____ )
```

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

On October 24, 2013, pro se plaintiff Sheri L. Brown filed a Complaint and an In Forma Pauperis ("IFP") Application. Brown names Carolyn Colvin, Acting Commissioner of Social Security, as the sole Defendant. The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1) and determined that it fails to state a claim on which relief may be granted. Accordingly, the court dismisses the Complaint, rendering the IFP Application moot. The court grants Brown leave to amend the Complaint.

To proceed in forma pauperis, Brown must demonstrate that she is unable to prepay the court fees, and that her Complaint sufficiently pleads claims. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (applying in forma pauperis requirements to nonprisoners).

The court therefore screens a complaint to see whether

it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 of the Federal Rules of Civil Procedure does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In screening a pro se complaint, the court must construe it liberally and must afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d

621, 623 (9th Cir. 1988).  The court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff.  <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his complaint.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>see also</u> <u>Karim-Panahi</u>, 839 F.2d at 623 (pro se litigant must be given leave to amend complaint unless it is absolutely clear that its deficiencies cannot be cured by amendment); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (same).

Brown's Complaint fails to state a claim upon which relief can be granted.  Brown's only claim states, "The decision denying the Plaintiff's claim is not in accordance with the law and is not supported by substantial evidence.  Claimant is disabled and entitled to a period of disability."  Complaint ¶ V. Brown provides the court with no factual basis from which it could infer that Defendant is liable for any misconduct.  The only fact that Brown alleges is that her benefits were denied; however, the mere denial of Social Security benefits is insufficient by itself to state a claim upon which relief can be granted.  Accordingly, Brown's Complaint is dismissed and her IFP Application is denied as moot.

Even if Brown's Complaint were sufficient, the IFP

Application submitted to the court would be denied because she fails to demonstrate that she is unable to pay the court fees. Lopez, 203 F.3d at 1129.  Brown's IFP Application indicates that she owns a house in Washington with an alleged value of $250,000. She also states that she receives a gross income of $2,227.80 per month ($1,327.80 from the State of Washington and $900.00 from rental income for her house), and has monthly expenses of approximately $885.00.  Not only does Brown's gross monthly income significantly exceed her monthly expenses, her yearly income of $26,733.60 also is greater than the Department of Health and Human Services' 2013 Federal Poverty Guideline of $13,230 for a single individual residing in Hawaii.  See 2013 HHS Poverty Guidelines, 76 Fed. Reg. 5182-01 (Jan. 24, 2013).  Thus, because Brown fails to demonstrate poverty in light of her yearly income and assets, she is not entitled to proceed in forma pauperis.

The court dismisses the Complaint and denies the IFP Application as moot.  The court grants Brown leave to file an amended Complaint that cures the deficiencies noted in this order no later than December 2, 2013.  Brown may also submit another IFP Application but must explain why she is unable to prepay her court fees despite her gross monthly income and ownership of the house in Washington.  Failure to file an Amended Complaint by December 2, 2013, as well as to pay the applicable filing fee or

4

submit an Amended IFP Application, will result in the automatic dismissal of this action.

        IT IS SO ORDERED

        DATED:  Honolulu, Hawaii, October 28, 2013.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        United States District Judge

Brown v. Colvin, Civil No. 13-00557 SOM-KSC; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS